**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TOMMY LEE WAUGH, #47088-074, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 21-cv-1053-JPG** |
| | ) | |
| KATHY HILL, | ) | |
| DAN SPROUL, | ) | |
| J. LeCLAIR, and | ) | |
| J. CRAWFORD, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Tommy Lee Waugh is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (Doc. 9). Previously, Plaintiff was confined at the United States Penitentiary in Marion, Illinois ("Marion") in the Communications Management Unit ("CMU"). While at Marion, Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois.[1] (Doc. 1-1, pp. 2-11). Defendants removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall Act," 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). Plaintiff has not objected to the removal.

The Complaint alleges Defendants, all Marion officials, repeatedly rejected a number of Plaintiff's mail-ordered photos of women. He sets forth 14 counts including First and Fifth Amendment violations as well as Illinois state law claims for conspiracy, negligence, replevin,

---

[1] Plaintiff's Williamson County case was docketed as No. 21-L-86, filed there July 12, 2021. (Doc. 1-1, p. 2).

conversion, detinue, and intentional infliction of emotional distress. (Doc. 1-1, pp. 8-10). Plaintiff seeks monetary, declaratory and injunctive relief. (Doc. 1-1, p. 10).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## REMOVAL

The underlying case was properly removed to this federal judicial district under both the Westfall Act, 28 U.S.C. § 2679, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). For actions such as this one which were commenced in state court, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Southern District of Illinois includes Williamson County, Illinois, where Plaintiff filed his state case. Section 1442(a)(1) allows removal where officers of the United States are sued in their official or individual capacity for acts under color of such office, as Plaintiff does here.

The Westfall Act further provides that when the Attorney General certifies that a federal employee who is sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the United States shall be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2). The case then proceeds against the U.S. under the provisions of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2672, 2679(b)(1); 2679(d)(4). The FTCA establishes federal district court jurisdiction over "civil actions on claims against the United States, for money damages…for injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government" where the law of the place of occurrence would provide for liability. 28 U.S.C. § 1346(b)(1).

A United States Attorney may issue the certification under the Westfall Act in lieu of the Attorney General. This certification has been submitted, showing that Defendants Hill, Sproul. LeClair, and Crawford were BOP employees acting within the scope of their federal employment at the relevant times described in Plaintiff's Complaint. (Docs. 1, 1-2). Accordingly, the United States will be substituted for these Defendants for any claims brought against them under Illinois law in their individual capacity that survive merits review, and those claims will then proceed under the FTCA.

### THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): Since being placed in the CMU at Marion in October 2019, Plaintiff ordered a number of non-sexually explicit photos of women. (Doc. 1-1, p. 6). He asserts that BOP regulations allow federal inmates to receive photos that do not depict nudity and are not "sexually explicit" as defined in those rules. Defendant Hill reviews all incoming mail for CMU inmates including Plaintiff. Hill has improperly rejected a number of Plaintiff's photos on the basis that they were "sexually explicit" even though they were not. Hill often discarded Plaintiff's photos and lied to him saying they had not arrived. Defendant Crawford (Mailroom Supervisor) has opened and rejected photos from several vendors as instructed by Hill. Plaintiff has lost "hundreds of dollars worth" of photos due to Hill's and Crawford's actions. (Doc. 1-1, p. 8).

Hill has stated that Plaintiff's photos violate her Christian religious beliefs. She rejected his photos for that reason as well as in retaliation for complaints and lawsuits Plaintiff has filed

against her. (Doc. 1-1, p. 7).

Defendants Sproul and LeClair "rubber-stamp" all Hill's rejections of Plaintiff's photos and he often does not receive rejection notices, thus denying him the right to challenge the rejections. Sproul and LeClair allow Hill to continue rejecting Plaintiff's photos in spite of his complaints.

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following claims in this *pro se* action:

Count 1:    First Amendment retaliation claim against Hill in her individual capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for improperly rejecting his photos in retaliation for his complaints and lawsuits, and against Crawford, Sproul, and LeClair for condoning Hill's actions.

Count 2:    First Amendment claim against Hill in her official capacity for injunctive relief under *Bivens* to prevent Hill from further retaliating against Plaintiff.

Count 3:    First Amendment mail interference claim under *Bivens* against Hill and Crawford for unlawfully rejecting and discarding his mail, and against Sproul and LeClair for approving Hill's and Crawford's actions.

Count 4:    First Amendment claim against Hill, Crawford, Sproul, and LeClair in their official capacities for injunctive relief under *Bivens* to prevent them from further rejecting and/or destroying his photos.

Count 5:    First Amendment establishment clause claim under *Bivens* against Hill for using her religious beliefs to reject Plaintiff's photos.

Count 6:    First Amendment claim against Hill in her official capacity for injunctive relief under *Bivens* to prohibit Hill from further rejecting Plaintiff's photos based on her religious beliefs.

Count 7:    Fifth Amendment procedural due process claim for damages against Hill and Crawford for rejecting and destroying Plaintiff's photos without giving him notice or an opportunity to contest their actions, and against Sproul and LeClair for approving Hill's and Crawford's actions.

Count 8:        Fifth Amendment claim for injunctive relief under *Bivens* against all Defendants to prohibit them from further rejecting or destroying Plaintiff's photos without providing him with procedural due process.

Count 9:        Claim for civil conspiracy under Illinois law against all Defendants in their individual capacities, for conspiring to reject and sometimes destroy Plaintiff's photos without providing him notice or an opportunity to be heard.

Count 10:       Claim for negligence under Illinois law against all Defendants in their individual capacities, for breaching their duty to not unlawfully reject Plaintiff's photos without procedural due process.

Count 11:       Claim for replevin under Illinois law against all Defendants in their individual capacities to recover Plaintiff's property and for damages.

Count 12:       Claim for conversion under Illinois law against all Defendants in their individual capacities for discarding Plaintiff's photos.

Count 13:       Claim for detinue under Illinois law against all Defendants in their individual capacities for the destruction of Plaintiff's photos.

Count 14:       Claim for intentional infliction of emotional distress under Illinois law against all Defendants in their individual capacities for the destruction of Plaintiff's photos.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## DISCUSSION

### *Bivens* Claims for Money Damages – Counts 1, 3, 5, and 7

Plaintiff relies on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) as authority for his First Amendment and Fifth Amendment claims for monetary relief. *Bivens* recognized an implied civil damages remedy against individual federal officers who allegedly violated the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

plaintiff's federal constitutional rights under the Fourth Amendment. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). But *Bivens* and Section 1983 are not coextensive. The Supreme Court has recognized only two other instances in which an implied damages remedy is available for a constitutional deprivation. *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex discrimination claim); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for denial of medical care for a serious medical condition). Recent cases have declined to extend a *Bivens* remedy to contexts beyond the Fourth Amendment's protection against unreasonable search and seizure and stated that further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

Plaintiff's First Amendment claims for damages (Counts 1, 3, and 5) are barred by the above authorities as unauthorized expansions of the *Bivens* remedy. The United States Supreme Court has "never held that *Bivens* extends to First Amendment claims." *White v. True*, 833 F. App'x 15, 18 (7th Cir. 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)) (upholding district court's decision to dismiss First Amendment mail interference claim brought pursuant to *Bivens* at screening without further briefing).

Likewise, Plaintiff's Fifth Amendment procedural due process claim (Count 7) would improperly extend *Bivens* beyond the narrow scope authorized by the Supreme Court. The Seventh Circuit has declined to recognize a new theory of relief in a *Bivens* action premised on due process

violations. *See, e.g., Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) (affirming district court's dismissal of due process claim at screening as indistinguishable from due process challenge rejected in *Abbasi*); *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and properly dismissed at screening). Other circuits have reached the same conclusion for similar due process claims. *See, e.g., Vega v. United States*, 881 F.3d 1146, 1154-55 (9th Cir. 2018) (declining to recognize *Bivens* action for due process violation). Applying the "special factors" analysis set forth in *Abbasi*, Plaintiff has "an alternative remedial structure" to address the alleged due process denial – he may bring complaints using the Federal Bureau of Prison's administrative remedies program. *See White v. Inch*, Case No. 17-cv-1059-JPG-DGW, 2018 WL 6584899, at *2 (S.D. Ill. Dec. 14, 2018). When such an alternative remedy is available, expansion of *Bivens* is unwarranted, even if the alternative process may not yield a favorable outcome.

For these reasons, Plaintiff's claims for damages pursuant to *Bivens* in Counts 1, 3, 5, and 7 will be dismissed.

### *Bivens* Claims for Injunctive Relief – Counts 2, 4, 6, and 8

Each of these claims is brought against Marion officials who allegedly prevented Plaintiff from receiving photos he ordered through the mail during his incarceration at Marion. However, Plaintiff has not been confined at Marion since September 2021, when he was transferred to Terre Haute (Doc. 9), and his access to mail-order photos is no longer under the control of the Defendants.

Under these circumstances, the Court concludes that Counts 2, 4, 6, and 8 seeking injunctive relief particular to Marion no longer present a live case or controversy that might result

in meaningful relief if Plaintiff were to prevail on these claims. *See Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) ("A case is moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'") (quoting *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396 (1980)); *see also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Marion would it be proper for the Court to consider injunctive relief on these claims. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

For this reason, Plaintiff's claims for injunctive relief in Counts 2, 4, 6, and 8 will be dismissed without prejudice as moot.

**Illinois State Law Claims – Counts 9, 10, 11, 12, 13, and 14**

*Count 9 – Civil Conspiracy*

Under Illinois law, to prevail on a claim for civil conspiracy, a Plaintiff must show: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)).

Plaintiff seeks money damages based on his claim that Hill, Sproul, LeClair, and Crawford agreed to reject and prevent him from receiving the photos that he ordered from various sources, without giving Plaintiff notice of their actions or an opportunity to challenge the rejections. He further claims that the particular photos he ordered were permissible under the applicable prison

8

rules. At this early stage, Count 9 survives review under § 1915A.

As noted above, the United States will be substituted for the individual Defendants and Count 9 will proceed for further consideration against the United States pursuant to the FTCA. Section 2679(d)(4) of the FTCA provides that, as here, when the United States is substituted for individual federal-employee defendants following certification by the Attorney General that the employees were acting within the scope of their office/employment, the action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4).

### Count 10 – Negligence

To state a claim for negligence under Illinois law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011).

Here, Plaintiff asserts that the individual Defendants had a duty to "not unlawfully reject Plaintiff's photos" and to not reject them "without procedural due process." (Doc. 1-1, p. 9). Plaintiff's injury consists of monetary loss when he was unable to receive the photos that he had paid for. Further factual development and legal briefing will be required to determine whether the actions at issue violated prison rules and if so, whether such violation amounted to negligence under Illinois law. Count 10 is not subject to dismissal under § 1915A and will proceed against the United States.

### Count 11 – Replevin

Under Illinois statute, an action for replevin may be brought to seek the return of property that is wrongfully detained by another. To state a *prima facie* case for replevin, a plaintiff must

prove that "(1) [plaintiff] is the owner of the relevant property or lawfully entitled to its possession; (2) that the property is wrongfully detained by the defendant (after the defendant has refused a demand to surrender the property); and (3) that the property is not subject to any state tax, assessment, or fine." *Firestone Fin. Corp. v. King Amusements, Inc.*, No. 12 C 04519, 2013 WL 1286665, at *7 (N.D. Ill. Mar. 28, 2013) (citing 735 ILCS 5/19-104; *First Illini Bank v. Wittek Indus., Inc.*, 634 N.E.2d 762, 763 (Ill. App. 1994)).

Plaintiff may proceed on Count 11 for replevin against the United States at this stage.

### Count 12- Conversion

In Illinois, to prove a claim for conversion, "a plaintiff must show that: (1) he has a right to the property at issue; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Stevens v. Interactive Fin. Advisors, Inc.*, 830 F.3d 735, 738 (7th Cir. 2016) (quoting *In re Karavidas*, 999 N.E.2d 296, 310 (Ill. 2013)).

Plaintiff's claim for conversion in Count 12 is not subject to dismissal pursuant to § 1915A and may proceed against the United States.

### Count 13 - Detinue

An action for detinue in Illinois is "a common law analogue of replevin." *Firestone Fin., LLC v. WA Gym Naperville N., LLC*, No. 21 C 1183, 2022 WL 4094161, at *7 (N.D. Ill. Sept. 7, 2022). To succeed in a detinue claim, the plaintiff must show that his/her right to possession of the property in question is superior to that of the defendant; the plaintiff may recover the property and damages for its detention. *FirstMerit Bank, N.A. v. Micro Medics Computer*, No. 14 CV 2396, 2014 WL 4494731, at *2 (N.D. Ill. Sept. 9, 2014).

Plaintiff may also proceed against the United States in the detinue claim in Count 13.

### Count 14 – Intentional Infliction of Emotional Distress

In order to state a claim under Illinois law for intentional infliction of emotional distress, Plaintiff must show that the Marion officials acted in an extreme and outrageous way, intending to inflict severe emotional distress or knowing there was a high probability that would occur, and that their actions in fact caused him severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). Plaintiff alleges that Hill, Sproul, LeClair, and Crawford intentionally destroyed and/or rejected his photos, he believes their actions were intended to cause him emotional distress, and they caused him to suffer "extreme mental anguish and anxiety." (Doc. 1-1, p. 10). At this stage, Count 14 also survives § 1915A review and may proceed.

DISPOSITION

**IT IS HEREBY ORDERED** that Counts 1, 3, 5, and 7 are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Counts 2, 4, 6, and 8 are **DISMISSED** without prejudice as moot. Defendants Hill, Sproul, LeClair, and Crawford are **DISMISSED** from the action, and the Clerk of Court is **DIRECTED** to **SUBSTITUTE** the United States as the Defendant in this matter.

**IT IS FURTHER ORDERED** that the Illinois law claims in Counts 9, 10, 11, 12, 13, and 14 survive § 1915A review and will proceed as FTCA claims against the United States of America.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on the United States; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve the United States pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States,

and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed without payment of fees was granted by the state court. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  4/17/2023**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.